UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ROBERT J. MIDDLEWORTH,<br><br>                 Plaintiff,<br><br>    v.<br><br>MICHELLE M. MULHERN and<br>JAMES LYLE NAGLE,<br><br>                 Defendants. | NO: 4:18-CV-5038-TOR<br><br>ORDER DISMISSING ACTION FOR LACK OF SUBJECT-MATTER JURISDICTION AND DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* |

      Plaintiff, a prisoner at the Coyote Ridge Corrections Center, brings this *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. He seeks leave to proceed *in forma pauperis*. The Court notes that Plaintiff has not honored the privacy provisions of Rule 5.2(a), Federal Rules of Civil Procedure. Consequently, his complaint, and various exhibits contained under ECF No. 1 and 7 have been sealed.

      In 2010 a five-year old child was diagnosed with vaginal trauma and herpes vaginosis. ECF No. 1 at 12-13. In 2012, following a third trial on charges of rape of a child and child molestation, a Walla Walla County jury convicted Plaintiff of

ORDER DISMISSING ACTION FOR LACK OF SUBJECT-MATTER JURISDICTION AND DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ~ 1

both charges. ECF No. 1 at 3. He received two life sentences.[1] *Id.* Plaintiff indicates his post-conviction requests for biological evidence and testing have been denied by the Washington State appellate courts. He is currently pursuing a federal habeas petition in this Court. *Middleworth v. Uttecht,* 4:14-CV-5124-TOR.

By this action, Plaintiff seeks to compel prosecuting attorneys from the City and County of Walla Walla, Washington, to provide "all the viral DNA[2] material evidence involved in his criminal conviction and investigated prosecution." ECF No. 1 at 3. He wants this Court to compel Defendants to "turn over" all "viral DNA obtain[ed] from both Plaintiff and alleged victim," to Plaintiff and his habeas counsel. *Id.* Plaintiff also seeks $30,000 in monetary damages to cover the cost to "transport, test and application costs for testing each." *Id.*

The U.S. Supreme Court has held that a post-conviction claim for DNA testing is properly pursued in a § 1983 action. *See Skinner v. Switzer*, 562 U.S. 521, 525 (2011). Nevertheless, the decision in *Dist. Attorney's Office for Third Judicial Dist. v. Osborne,* 557 U.S. 52 (2009), severely limits the federal action a state prisoner may bring for DNA testing. *See Skinner,* 562 U.S. at 525.

---

[1] According to documents presented with the Complaint, Plaintiff is serving a 160 month sentence. ECF No. 1-1 at 14.

[2] Deoxyribonucleic acid

ORDER DISMISSING ACTION FOR LACK OF SUBJECT-MATTER JURISDICTION AND DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ~ 2

In *Osborne,* an Alaskan prisoner brought a section 1983 action to compel the release of biological evidence so that it could be subjected to DNA testing at his own expense. *See Osborne,* 577 U.S. at 60. Mr. Osborne claimed both a substantive and procedural due process right to the evidence under the Federal Constitution and a procedural due process right stemming from an Alaskan state statute that provided for post-conviction access to evidence. *See id*. The U.S. Supreme Court expressly rejected Mr. Osborne's argument that post-conviction defendants have a substantive or procedural due process right to post-conviction DNA testing. *See id.,* at 72-73. However, the Court found that when a state enacts a statute providing post-conviction defendants access to evidence and a procedure for accessing such evidence, the state has created a liberty interest[3] that is entitled to due process protection. *See id.* at 69-70.

---

[3] Liberty interests "may arise from two sources–the Due Process Clause itself and the laws of the States." *Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 460 (1989) (internal quotes and citation omitted); *Meachum v. Fano*, 427 U.S. 215, 229 (1976) (holding that once a state imposes limitations on its own discretion and requires that a specific standard prevail for decisionmaking, it creates a liberty interest regardless of whether the limits stem from statute, rule or regulation).

ORDER DISMISSING ACTION FOR LACK OF SUBJECT-MATTER
JURISDICTION AND DENYING LEAVE TO PROCEED *IN FORMA
PAUPERIS* ~ 3

Nevertheless, federal courts may only intervene when the state's procedure for post-conviction relief "'offends some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental,' or 'transgresses any recognized principle of fundamental fairness in operation.'" *Osborne*, 557 U.S. at 69 (*quoting Medina v. California*, 505 U.S. 437, 446 (1992)). Federal courts may upset a State's postconviction relief procedures only if they are fundamentally inadequate to vindicate the substantive rights provided. *Id*. Plaintiff has alleged no facts suggesting such a transgression.

Unlike *Osborne,* Washington State has a statute authorizing post-conviction defendants to request forensic DNA evidence and testing, RCW 10.73.170, which is similar to the federal model for DNA testing under the Innocence Protection Act of 2004, 18 U.S.C. § 3600(a). To the extent Washington's statute creates Fourteenth Amendment due process rights, Plaintiff has presented no facts supporting a claim that his due process rights were violated.

Plaintiff presents no facts showing named Defendants engaged in conduct outside the scope of their employment as advocates for the State. As such, these prosecuting attorneys are entitled to absolute prosecutorial immunity. *See Imbler v. Pachtman,* 424 U.S. 409, 430-431 (1976) (shielding prosecutors from liability in section 1983 actions for their quasi-judicial acts); *see also Cousins v. Lockyer,* 568

F.3d 1063, 1068-69 (9th Cir. 2009) (absolute prosecutorial immunity available in post-conviction context).

Plaintiff has indicated that it was the decisions of Washington State appellate courts which determined that Plaintiff was not statutorily entitled to particular DNA evidence and testing. As noted by the dissent in *Osborne,* "§ 1983 does not serve as a mechanism to review specific, unfavorable state-law determinations." 557 U.S. at 109, n.4. While a statute or rule governing a state-court decision may be challenged in a federal action, a state-court decision is not reviewable by a lower federal court. *See District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 487 (1983); *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 286 (2005).

Contrary to Plaintiff's assertion, the due process claim asserted in *Skinner* was not that district attorneys had refused to allow him access to biological evidence for forensic DNA testing, but that the Texas courts had "construed the statute to completely foreclose any prisoner who could have sought DNA testing prior to trial[,] but did not[,] from seeking testing" post-conviction. *Skinner,* 562 U.S. at 530. Because inmate Skinner had challenged the constitutionality of the DNA statute "as construed" by the Texas courts, rather than the actions of prosecutors or the decisions of the Texas courts themselves, the U.S. Supreme Court determined that there was "no lack of subject-matter jurisdiction over Skinner's federal suit." *Id.* at 533. That is not the case here.

ORDER DISMISSING ACTION FOR LACK OF SUBJECT-MATTER JURISDICTION AND DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ~ 5

Plaintiff complains that the trial court denied his *pro se* post-conviction PCR[4]-DNA testing request motion. ECF No. 1 at 15. Thereafter, the Washington Appellate Project was appointed to represent Plaintiff in his Personal Restraint Petition. ECF No. 1 at 15. Plaintiff states the Court of Appeals affirmed the denial of his PCR-DNA testing request in February 2017, based on opposing arguments presented by Defendants Mulherns and Nagles. *Id.* The Supreme Court of Washington subsequently denied Plaintiff's "Motion for Review." *Id.*

Plaintiff makes no assertion that he sought further appellate review with the U.S. Supreme Court. He makes no assertion that either Defendant Mulherns or Defendant Nagles was directed by a Court to turn over any biological evidence for DNA testing under RCW 10.73.170, but refused to do so. Because Plaintiff is challenging the decisions of the Washington courts, this Court lacks subject-matter jurisdiction over his claims. *See Skinner,* 562 U.S. at 533.

A federal court is obligated to determine *sua sponte* whether it has subject matter jurisdiction. *See Valdez v. Allstate Ins. Co.,* 372 F.3d 1115, 1116 (9th Cir. 2004). *See also* Fed.R.Civ.P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

---

[4] Polymerase chain reaction

Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend a party's pleading "should [be] freely give[n] . . . when justice so requires," because the purpose of the rule is "to facilitate decision on the merits, rather than on the pleadings or technicalities." *Novak v. United States*, 795 F.3d 1012, 1020 (9th Cir. 2015) (citation omitted). "[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc); *Lacey v. Maricopa Cty.*, 693 F.3d 896, 926 (9th Cir. 2012) (en banc).

The Court finds that there are no set of facts Plaintiff could allege to establish the jurisdiction of this Court for the relief he is seeking. Plaintiff's pleading then cannot possibly be cured and the Court dismisses his claims without prejudice.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. This action is **DISMISSED without prejudice** for lack of subject-matter jurisdiction under Rule 12(b)(1), Federal Rules of Civil Procedure.

2. The application to proceed *in forma pauperis,* ECF No. 2, is **DENIED as moot.**

3. This dismissal will **not** count as a "strike" under 28 U.S.C. § 1915(g). *See Moore v. Maricopa Cnty. Sheriff's Office,* 657 F3d 890, 893-94 (2011).

4. The Court certifies that any appeal of this dismissal would not be taken in good faith.

**IT IS SO ORDERED**. The District Court Executive is directed to enter this Order, enter judgment, provide copies to Plaintiff, and **CLOSE** the file.

**DATED April 13, 2018**.



THOMAS O. RICE
Chief United States District Judge

ORDER DISMISSING ACTION FOR LACK OF SUBJECT-MATTER JURISDICTION AND DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ~ 8