UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| ROBERT J. MIDDLEWORTH, | NO: 4:18-CV-5038-TOR |
|---|---|
| Plaintiff, | |
| v. | ORDER DENYING CONTRUED MOTION FOR RECONSIDERATION, DENYING LEAVE TO AMEND, AND DENYING MOTION TO ADD INFORMATION |
| MICHELLE M. MULHERN and JAMES LYLE NAGLE, | |
| Defendants. | |

On April 13, 2018, this Court determined that Plaintiff could allege no set of facts which would establish the jurisdiction of this Court for the relief he sought and dismissed this action without leave to amend. ECF No. 8 at 7. Plaintiff has now filed a Motion to Amend, asking this Court to reverse the Order dismissing the action and denying leave to proceed *in forma pauperis* as moot. ECF No. 11. Attached to the Motion are 92 pages consisting of a proposed amended complaint, *in forma pauperis* information, a declaration, certificate of service and an excerpt of a trial

ORDER DENYING CONTRUED MOTION FOR RECONSIDERATION AND
DENYING LEAVE TO AMEND ~ 1

transcript, ECF No. 11-1. This document has been sealed by the Court as it contains prohibited information under Rule 5.2(a), Federal Rules of Civil Procedure.

Because Plaintiff is asking this Court to reconsider an earlier decision, the Court will liberally construe the Motion to Amend as a Motion for Reconsideration, ECF No. 11. The motion was considered without oral argument on the date signed below.

A motion for reconsideration may be reviewed under either Federal Rule of Civil Procedure 59(e) (motion to alter or amend a judgment) or Rule 60(b) (relief from judgment). *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993). "A district court may properly reconsider its decision if it '(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law.'" *Smith v. Clark Cnty. Sch. Dist.*, 727 F.3d 950, 955 (9th Cir. 2013) (quoting *School Dist. No. 1J*, 5 F.3d at 1263).

In the instant case, Plaintiff has not alleged that there has been an intervening change of controlling law. Likewise, he has not offered newly discovered evidence that would justify this Court re-examining the issue. Thus, the only remaining question is whether the Court should alter its prior ruling in order to correct a clear error or prevent manifest injustice. *Smith*, 727 F.3d at 955.

Plaintiff asserts that the named Defendants, prosecutors who defended against his motions and a Personal Restraint Petition in state court, were not entitled to absolute immunity. He cites to *Cruz v. Kauai County*, 279 F.3d 1064 (9th Cir. 2002), in which the prosecutor functioned as a witness under the circumstances of the *ex parte* proceeding in that case (*i.e.,* bail revocation). *Id.* at 1068.

Here, Plaintiff asserts the prosecutors "stepped outside their prosecutorial role, and into the role of forensic viral scientific experts when they personally 'critiqued' to the truth of scientific viral facts in there [sic] response, [t]hat led to Middleworth being deprived [of] his/her right to test viral evidence, that was the likelihood that DNA evidence would demonstrate 'Innocence'! on a more probable than not basis." ECF No. 11 at 18. Plaintiff also asserts the prosecutors "stepped out-side their roles as prosecutors to dilute the State Judicial systems decision making powers involved in Middleworth's case, 10-1-00287-9." ECF No. 11-1 at 66. These conclusory assertions, which are basically that Defendants argued against Plaintiff's position, especially in light of the fact that Plaintiff had been appointed counsel to refute Defendants arguments, are insufficient to lower the shield of absolute prosecutorial immunity in the post-conviction context. *Cousins v. Lockyer*, 568 F.3d 1063, 1068-69 (9th Cir. 2009).

Although Plaintiff may blame the arguments of the Defendants for the state court decisions, it was the Washington State appellate courts which ultimately

determined that Plaintiff was not statutorily entitled to particular DNA evidence and testing. ECF No. 11 at 19. A federal district court has no jurisdiction to review a state court decision. *See District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 487 (1983); *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 286 (2005). Therefore, this Court lacks jurisdiction over Plaintiff's claims under 42 U.S.C. § 1983.

In the absence of new evidence, a change in the controlling law, or clear error, the Court declines to reconsider the previous Order, ECF No. 8. Accordingly, **IT IS ORDERED** that Plaintiff's construed Motion for Reconsideration, ECF No. 11, is **DENIED.** Having already determined that amendment would be unavailing under the circumstances of this case, **IT IS ORDERED** that the request to amend is also **DENIED**.

## MOTION TO ADD INFORMATION

On June 4, 2018, the date on which his Motion, ECF No. 11, was noted for hearing, Plaintiff submitted an additional document consisting of 18 pages. ECF No. 12. In his quest to obtain DNA testing already denied by the Washington State Courts, Plaintiff asks to include additional information in a "re-written complaint." He presents various legal citations regarding § 1983 law and argues once again that the Defendants were not engaged in their "roles" as prosecutors and acted as "science-viral pathology techs" when they argued against Plaintiff's assertions,

which resulted in the State Courts denying Plaintiff particular DNA testing. On the basis of these arguments, Plaintiff accuses the Defendants of treason. Having liberally reviewed Plaintiff's arguments, the Court is unpersuaded by them.

In light of the disposition of Plaintiff's request to amend, **IT IS ORDERED** the Motion to add more information, ECF No. 12, is also **DENIED.**

**IT IS SO ORDERED.** The Clerk of Court shall enter this Order and provide a copy to Plaintiff. The case shall remain **CLOSED.** The Court certifies that any appeal of this decision would not be taken in good faith.

**DATED** June 5, 2018.



*Thomas O. Rice*
THOMAS O. RICE
Chief United States District Judge

ORDER DENYING CONTRUED MOTION FOR RECONSIDERATION AND DENYING LEAVE TO AMEND ~ 5